## CROSS *v*. WILDER.

An action, entered "Neither party" by agreement, may be brought forward at a subsequent term; and after notice, the entry of "Neither party" may be struck off on motion.

The action was entered "Neither party" at the September term, 1880. At the January term, 1883, the plaintiff's motion to bring the action forward and strike off the entry of "Neither party" was granted, and the defendant excepted. The defendant, having been notified of the motion, appeared by counsel specially, and objected that the court had no jurisdiction, the action having been entered "Neither party" by agreement. That entry was made on the suggestion of the plaintiff's counsel, who understood the suit had been settled. There had been negotiations for an adjustment, but the suit was not settled. When the plaintiff learned that the action had gone off the docket, he took measures to have it reinstated, but this motion was reasonably delayed on representations

of the defendant's counsel that the parties were negotiating, and would probably come to a settlement.

*C. R. Morrison,* for the defendant.   When the suit was discontinued by the plaintiff's voluntary act and the consent of the court, the jurisdiction of the court over the defendant was at an end. *Railroad* v. *Newell,* 31 Vt. 364, 370 ; *Union Co.* v. *Pitkin,* 14 Conn. 175, 187 ; *Hutchings* v. *Buck,* 32 Me. 277 ; *Blanchard* v. *Ferdinand,* 132 Mass. 389.

*Cross & Taggart,* for the plaintiff.   The court had jurisdiction and power to grant the motion.   *Chamberlain* v. *Crane,* 4 N. H. 115 ; *Wendell* v. *Mugridge,* 19 N. H. 109; *Russell* v. *Dyer,* 39 N. H. 530 ; *Lary* v. *Goodnow,* 48 N. H. 170 ; *Dinsmore* v. *Hanson,* 48 N. H. 413 ; *Rice* v. *Holden,* 55 N. H. 398; *Warner Bank* v. *Clement,* 58 N. H. 533.

DOE, C. J.   The question is not open in this state.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.